**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| Shawn Barony, | : Civil Action No.: _____ |
| : | |
| Plaintiff, : | |
| v. : | |
| : | |
| Goldman, Roth Acquisitions, LLC; and DOES : **COMPLAINT** | |
| 1-10, inclusive, : | |
| : | |
| : | |
| Defendants. : | |

For this Complaint, the Plaintiff, Shawn Barony, by undersigned counsel, states as

follows:

**JURISDICTION**

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's

personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer

debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

**PARTIES**

4.      The Plaintiff, Shawn Barony ("Plaintiff"), is an adult individual residing in Lusby,

Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Goldman, Roth Acquisitions, LLC ("Goldman"), is a New York business entity with an address of 455 Commerce Drive, Suite 7, Amherst, New York 14228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Goldman and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Goldman at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to Goldman for collection, or Goldman was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Goldman Engages in Harassment and Abusive Tactics

12.      Within the last year, the Goldman contacted the Plaintiff in an attempt to collect the Debt.

13.     Goldman caused Plaintiff's phone to ring at an excessive and harassing rate, placing up to seven calls daily, sometimes in a rapid succession of one another.

14.     Goldman called Plaintiff and failed to inform Plaintiff that the conversation was being recorded.

15.     Goldman failed to properly identify themselves and further failed to inform Plaintiff that the communication was an attempt to collect the Debt and all information obtained would be used for that purpose.

16.     Goldman called Plaintiff and falsely stated that they were a litigation firm.

17.     Goldman threatened to file a legal action against Plaintiff, if he did not make payment arrangement immediately. To date, no such action has been filed.

18.     Goldman used loud and aggressive tone with Plaintiff in an effort to intimidate Plaintiff into making immediate payment, which caused a great deal of distress to Plaintiff.

19.     Goldman failed to inform Plaintiff of his rights under state and federal law by written correspondence within five days after initial contact, including the right to dispute the Debt.

20.     Goldman faxed Plaintiff a collection letter after Plaintiff had notified them of legal representation.

**C.  <u>Plaintiff Suffered Actual Damages</u>**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

3

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney.

26.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(3) in that Defendants misled the Plaintiff into believing the communication was from a law firm or an attorney.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants

4

employed false and deceptive means to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

36.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

37.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

38.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

39.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40.     The Plaintiff is entitled to damages as a result of Defendant's violations.


### COUNT II
### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, et seq.

41.     The Plaintiff incorporates by reference all of the above paragraphs of this

5

Complaint as though fully stated herein.

42.     The Defendants are each individually a "collector" as defined under MD. Code
Comm. Law § 14-201(b).

43.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law
§ 14-201(c).

44.     The Defendants repeatedly contacted the Plaintiff with the intent to harass or
abuse, in violation of MD. Code Comm. Law § 14-202(6).

45.     The Defendants used obscene and grossly abusive language when communicating
with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

46.     The Defendants attempted to claim and enforce a right which the Defendants did
not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

47.     The Plaintiff is entitled to damages proximately caused by the Defendants'
violations.

<u>**COUNT IV**</u>
<u>**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**</u>

48.     The Plaintiff incorporates by reference all of the above paragraphs of this
Complaint as though fully stated herein.

49.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as,
"One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs
or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be
highly offensive to a reasonable person."

50.     Maryland further recognizes the Plaintiff's right to be free from invasions of
privacy, thus Defendants violated Maryland state law.

51.     The Defendants intentionally intruded upon Plaintiff's right to privacy by

continually harassing the Plaintiff by placing excessive calls on a daily basis.

52.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

53.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

54.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6.  Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 14, 2011

Respectfully submitted,

By  /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
1783 Forest Drive, Suite 109
Annapolis, MD  21401
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF